The STATE of Ohio, Appellee,

v.

SIMMONS, Appellant.

[Cite as *State v. Simmons* (1989), 61 Ohio App.3d 514.]

Court of Appeals of Ohio,
Summit County.

No. 13790.

Decided March 22, 1989.

*Marc Wolfe*, for appellee.

*Ralph Capriolo*, for appellant.

CACIOPPO, Presiding Judge.

Several aggravated robberies occurred in the city of Akron during March and April 1988. Akron police obtained descriptions of both the gunman and his truck. In each robbery, the gunman had a portion of his face covered. The first report described the gunman as wearing a ski mask. The subsequent reports described the gunman as wearing a white painter's mask or the painter's mask with tape on his face. The descriptions were similar as to the gunman's physical features and manner of dress.

On April 22, 1988, one of the original witnesses reported to the Tallmadge police that the truck described to the Akron police had been seen again. The Akron police were notified, immediately located the truck, and stopped it.

Defendant, Wayne Simmons, was asked to get out of the truck. A pat-down search produced a pocket knife. A computer check disclosed that

Simmons had no valid Ohio driver's license. Simmons was placed under arrest. The truck was searched and then towed. Simmons was transported to the police station.

After *Miranda* warnings, Simmons was asked to consent to a search of his truck and residence for evidence related to the robberies. Simmons signed waiver forms. Searches of the truck and residence produced numerous items which were seized and introduced as evidence.

Simmons moved the court before trial to suppress the evidence and also, during trial, moved for mistrial. All motions were denied. The jury found Simmons guilty on several but not all of the numerous counts charged.

### Assignment of Error I.

"The trial court erred in not suppressing the search and seizure of the defendant's truck and residence (the consent searches)."

■ Simmons contends that his consent to search the truck and residence was not voluntary but a product of duress. Simmons relies upon totality of the circumstances to demonstrate duress, and specifically points to the arrest and custodial situation coupled with the "threat" of seeking a search warrant.

"Voluntariness is a question of fact to be determined from all the circumstances." *State v. Terwilliger* (July 5, 1979), Summit App. No. 9225, unreported. " * * * [E]ven though consent obtained after arrest may be suspect, the fact of arrest does not necessarily vitiate what otherwise appears to be a valid consent." *United States v. Jones* (C.A.5, 1973), 475 F.2d 723, 730. "The question is whether the officers used coercive tactics or took unlawful advantage of the arrest situation to obtain consent. In other words, was there a use of coercive tactics by the arresting officers such that the duress present in a particular case exceeds the normal duress inherent in any arrest?" *Id.*

Simmons does not claim the police used undue force or deception in obtaining his consent to search. Simmons states that the threat of a search warrant placed him in a bargaining situation. The record reveals no evidence that a search warrant was employed as a threat. This case is clearly distinguished from one where consent to search is obtained after a false police assertion that a valid warrant is in their possession. The detective informed Simmons of the need to conduct a search either with his cooperation and consent or with a search warrant. All the conversation took place after Simmons received *Miranda* warnings. Clear and positive evidence was presented that Simmons's consents were voluntary. The trial court did not

err in refusing to grant the motion to suppress evidence produced from the consent searches.

## Assignment of Error II.

"The court erred in not granting the motion to suppress the warrantless search of defendant's vehicle."

 Simmons asserts that wrongful, warrantless searches of his truck were conducted. The first search accompanied the initial stop and arrest. "Due to its mobility, a vehicle may be searched without a warrant upon probable cause." *State v. Steele* (1981), 2 Ohio App.3d 105, 107, 2 OBR 118, 120, 440 N.E.2d 1353, 1356. The Akron police had probable cause to stop Simmons's truck. Before anyone entered and drove the truck away, the circumstances justified a warrantless search for weapons or any evidence it may have contained. A significant fact is that Simmons was not detained and arrested based upon the warrantless search. The detention, arrest, and impounding of the truck resulted from Simmons's failure to hold a valid driver's license. The subsequent searches followed Simmons's consent to search and were outside the warrant requirement.

For the foregoing reasons, Simmons's assignment of error is not well-taken.

## Assignment of Error III.

"The court erred in not granting the defendant's motion for mistrial when it was learned during the course of the trial that the state failed to present all of the evidence necessary during a pretrial motion to suppress a vehicle search and seizure."

 Simmons argues that a mistrial is required where evidence offered at trial was subject to but not disclosed upon a motion to suppress. The infinite variety of circumstances in which a mistrial may arise requires great deference to the trial court's discretion, recognizing the trial judge is in the best position to determine whether the situation warrants declaration of a mistrial. *State v. Glover* (1988), 35 Ohio St.3d 18, 19, 517 N.E.2d 900, 902. A trial court enjoys broad discretion in admitting evidence and will be reversed for an abuse of that discretion only where the defendant suffers material prejudice. *State v. Williams* (1982), 7 Ohio App.3d 160, 7 OBR 204, 454 N.E.2d 1334, paragraph one of the syllabus.

The trial court made evidentiary rulings following Simmons's objections to admissibility and denied the mistrial motions based upon those rulings. The trial judge properly exercised discretion and no material prejudice resulted.

### Assignment of Error IV.

"The verdict of the jury is manifest [*sic*] against the weight of the evidence."

■ Simmons argues in the fourth assignment of error that his conviction is based upon insufficient evidence of identification. Manifest weight and sufficient probative evidence are reviewed under entirely different standards. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720–721.

■ A claim of insufficient evidence requires a determination that any rational trier of fact could find all essential elements of the offense beyond a reasonable doubt, after viewing but not weighing the probative evidence and construing reasonable inferences most favorably to the prosecution. *Id.* In the present case, the state offered numerous items of physical evidence and testimony from several witnesses which were both direct probative evidence and the basis for reasonable inferences from which a rational trier of fact could find all essential elements of the offense. Conflicting descriptions and factual disputes which arise from testimony are issues of credibility and weight of evidence, not sufficiency.

■ A claim that the judgment was against the manifest weight of the evidence requires a much broader test. *Id.*

" * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

Review of the entire record fails to persuade this court that the trier of fact lost its way and created a manifest miscarriage of justice in convicting Simmons of the charges of aggravated robbery, carrying a concealed weapon, and having a weapon while under a disability, along with the specifications.

Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.