OPINION
Appellant Robert Barnett appeals a judgment of the Licking County Municipal Court convicting him of Driving While Intoxicated (R.C. 4511.19(A)(1)):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED NOVEMBER 20, 1997.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.
 III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FAILING TO DECLARE A MISTRIAL; THEREBY DENYING APPELLANT A FAIR TRIAL.
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S TIMELY RULE 29(A) MOTION FOR ACQUITTAL.
 V. THE TRIAL COURT ERRED IN ITS ANSWER TO THE JURY'S QUESTION DURING DELIBERATION.
 VI. THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT A FINDING OF GUILTY TO THE CHARGE HEREIN.
On April 17, 1997, Nellie Shaner was working the night shift at Tee Jay's, a restaurant in Newark. Appellant and a friend came into the restaurant. Their behavior was loud and obnoxious. When asked by a waitress what they wanted to eat, appellant responded, "It's not on the menu." Appellant began to argue with people at the booth behind him, and he and his friend were making comments about the woman with the people in the booth. Appellant and his friend appeared to be intoxicated, as they were not walking straight, and picked a fight almost immediately upon entering the restaurant. Officers Jeffrey Pritt and Darren Logan of the Newark Police Department responded to a call to remove appellant and his friend from the restaurant. Officer Pritt noticed that appellant and his friend smelled like alcohol, and found it extremely humorous when they were asked to leave the restaurant. As they walked to the cash register, they were unsteady. Appellant's eyes were bloodshot and glassy. Patrolman Logan noticed that both appellant and his friend had bloodshot, glassy eyes, and walked with a sway in their step. Their speech was slurred, and they smelled of alcohol.
After leaving the restaurant, the officers followed appellant, concerned that he may get into a car and attempt to drive away. Appellant and his friend entered another establishment, before coming back to the parking lot and getting into their vehicles. Appellant successfully got into his car and drove away. The officers followed appellant and his friend from the parking lot. Appellant drove to a nearby apartment complex, where he stopped the car and got out. He was approached by Patrolman Pritt, who administered field sobriety tests. Appellant exhibited all six clues of intoxication on the Horizontal Gaze Nystagmus Test. He failed the walk and turn test and the one-legged stand test. When asked to recite his ABC's, he got as far as W, before repeating "MNOP." When asked again to say the alphabet, appellant responded that he did not know his alphabet.
Appellant was charged with Driving a Vehicle While Intoxicated in violation of R.C. 4511.19(A)(1). Appellant's motion to suppress was denied. The case proceeded to jury trial in the Licking County Municipal Court. Following trial, he was convicted as charged.
 I.
Appellant argues that the court erred in denying his motion to suppress, after the court had previously stated that if the State failed to respond to the motion, it would be granted.
A notice of appearance filed October 31, 1997, recites that if no written response was received by the court, the court would assume the prosecutor was in agreement with the motion to suppress, and the motion would be granted. However, this is not a judgment entry, as it is not signed by the Judge. In addition, even if the notice had been part of a signed judgment, it is in interlocutory order, and the court may change its mind and deny the motion regardless of the State's failure to respond.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in denying his motion to suppress, as the officer lacked a reasonable suspicion of criminal activity to justify the stop. Appellant argues that the officer did not witness any erratic driving.
First, the vehicle was already stopped when the officer approached appellant. Appellant had stopped the vehicle at an apartment complex, and exited the car.
Further, the officer had sufficient information to give him a reasonable suspicion to believe that appellant had operated the vehicle while intoxicated. Shortly before appellant entered the vehicle, the officer had observed appellant at Tee Jay's Restaurant. He had received information from employees at Tee Jay's that appellant was behaving in a disorderly fashion. He was standing next to appellant when he asked them to leave the restaurant, and noticed that appellant had bloodshot eyes, and an odor of alcohol about him. When asked to leave by the police officer, appellant laughed and initially ignored the instructions. As appellant walked toward the cash register, the officer observed that he was unsteady on his feet, and was zigzagging.
The court did not err in denying the motion to suppress.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in denying his motions for mistrial based on improper information which came before the jury.
Officer Pritt testified on direct examination:
 A. At that point I placed him in the handcuffs, placed him in the back of my cruiser, called for a . . . since this . . . due to the fact that this was his second within fi . . .
 MR. STOKES: Objection, Your Honor. Move for a mistrial.
Tr. 36.
Appellant argues that the officer improperly conveyed to the jury that this was appellant's second DUI offense within five years.
The grant or denial of a mistrial lies within the sound discretion of the trial court. State vs. Simmons (1989),61 Ohio App.3d 514. The court did not abuse its discretion in denying appellant's motion for mistrial. The officer did not get far enough in his testimony to reveal that appellant had a prior offense. Only a person well versed in the law would understand that the second offense within five years was significant and understand where the officer was going with the statement. In addition, appellant denied the court's offer of a curative instruction, feeling it would only draw more attention to the remark. However, the court did briefly state that the jury should disregard the last bit of testimony from the officer. The error was not so egregious as to require a mistrial.
Appellant also argues that the court should have granted his motion for mistrial when the prosecutor asked appellant's friend if he was convicted of DUI for an incident arising the same night. Appellant's objection was sustained, and the question was not answered. Again, the error was not so egregious as to require a mistrial. Before the witness could answer, the objection was sustained, and so the information concerning the possible conviction was not before the jury.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the court erred in denying his Crim.R. 29 motion for acquittal, as the evidence was insufficient.
Sufficiency is a test of adequacy of the evidence, and whether the evidence is legally sufficient to sustain a verdict is a question of law. State vs. Thompkins (1997), 78 Ohio St.3d 380,386.
There was sufficient evidence that appellant operated the vehicle while he was intoxicated. Nellie Shaner testified that she observed appellant and his friend in the restaurant. She testified that over her years of working the night shift, she had learned to identify people who were intoxicated. She testified that appellant and his friend immediately began making rude remarks to females, and immediately picked a fight with the people in the next booth. They refused to leave the restaurant, despite her request to do so, and her threats to call the police.
The officers testified that when they arrived on the scene, appellant and his friend found it humorous that the officers were asking them to leave the restaurant. They testified that there was an odor of alcohol about appellant and his friend, and their eyes were bloodshot and glassy. They also testified that appellant walked in an unsteady manner.
After appellant got out of the car at the apartment complex, the officer administered field sobriety tests. Appellant was unable to pass any of these tests.
The evidence was clearly sufficient to demonstrate that appellant operated his vehicle while he was intoxicated.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in its answer to the jury to a question during deliberations.
The jury asked for the definition of "driving under the influence." The court merely gave them the instruction he had given them before they began their deliberations. Appellant objected to the Judge giving the jury the paragraph on appellant's refusal to consent to a breath test, as the jury did not ask for this information.
The court did not err in its instruction to the jury. Although the jury did not specifically ask for the paragraph on refusal, appellant has not demonstrated prejudice, as the court had previously given this instruction as part of the general charge to the jury.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the judgment is against the manifest weight of the evidence. In considering a claim that the judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way.Thompkins, supra, at 387. The discretionary power to grant a new trial should be exercised only in exceptional case when the evidence weighs heavily against conviction. Id.
Upon reviewing the transcript, there was abundant evidence that appellant was intoxicated on the night in question. Nellie Shaner and both police officers testified that appellant appeared to be drunk. In addition, when the officer administered a variety of field sobriety tests, appellant failed every one. The judgment is not against the weight of the evidence.
The sixth Assignment of Error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant.