OPINION
On June 23, 1998, appellant, Nick Heropulos, was charged with one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an incident involving one Deborah Davenport.
A jury trial commenced on November 8, 1999.[1] The jury found appellant guilty as charged. By judgment entry filed December 1, 1999, the trial court sentenced appellant to twenty days in jail and one hundred days of house arrest, and imposed a $500 fine plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE JURY VERDICT FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II THE TRIAL COURT ERRED IN NOT ORDERING A MISTRIAL FOLLOWING NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT WHICH DENIED APPELLANT A FAIR TRIAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION.
 III THE APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 I
Appellant claims his conviction for domestic violence was against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, Statev. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Under R.C. 2919.25(A), the domestic violence statute, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant argues Ms. Davenport lacked credibility because there is a conflict between the times she identified calls from appellant, the times noted on her telephone records and the time an independent witness testified to hearing a disturbance, a difference of 11:00 to 11:30 to 11:45 p.m. At the outset, we note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Upon review, we find defense counsel cross-examined Ms. Davenport extensively on the inconsistent times. T. at 117-127. Ms. Davenport's telephone records were in evidence as well as the dub tapes from the Canton Police Department regarding Ms. Davenport's telephone call to the police. T. at 197-199, 212-216. Defense counsel argued the time issue to the jury. T. at 237-239. Clearly the jury disregarded the inconsistencies because of Ms. Davenport's direct testimony as to the assault, the photograph of Ms. Davenport and the corroborating testimony of a neighbor, Deatra Gunn, who heard the disturbance and viewed the physical injuries the next day. T. at 108-110, 163-165; Plaintiff's Exhibit 3.
Based upon the testimony and evidence, we find sufficient credible evidence to find appellant guilty of domestic violence, and no manifest miscarriage of justice.
Assignment of Error I is denied.
 II
Appellant claims the trial court should have ordered a mistrial due to prosecutorial misconduct. We disagree.
The granting of a mistrial lies in the trial court's sound discretion. State v. Simmons (1989), 61 Ohio App.3d 514. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Dardenv. Wainwright (1986), 477 U.S. 168.
Appellant argues the following question asked by the prosecutor to a defense investigator on recross-examination was misconduct and grounds for a mistrial: "You're not a battered woman, are you?" T. at 210. Just prior to this question, defense counsel on redirect engaged in the following exchange with the witness regarding the mindset of Ms. Davenport:
 Don't you find it odd that during that entire time when she was calling people, she never said that Nick Heropulos just broke into her house and beat her, isn't that odd, she never tells anybody that that entire hour, not Captain Shackle, Canton police, not her counselor not anybody, does she?
 BY THE COURT: Well, I think that would be — it's not properly phrased. If in fact she did that —
Don't you find that odd?
BY THE COURT: If —
 Don't you find that odd Mr. Durkin that she doesn't tell anybody that this happened till two days later when she's on the phone for an hour?
BY THE COURT: If, she didn't tell somebody.
 Thank you very much. Do you find it odd that in the police report she makes it two days later for the first time telling people about this, don't you find that odd?
Yes, sir.
T. at 209-210.
The complained of question by the prosecutor was a reaction to these questions, implying the witness, an investigator, was not the victim and who was he to judge. Apart from the relevancy and competency of the investigator to testify to "odd" behavior, we find the question posed by the prosecutor was not relevant but not so prejudicial as to require a mistrial.
Appellant argues several other comments constituted prosecutorial misconduct, but we note no request for mistrial was made thereafter. A complained of comment was made during opening statement:
 Thank you, Your Honor, Counsel, Your Honor, ladies and gentlemen of the jury, there's an old saying that a picture says a thousand words and that is what this case is all about. This is a typical case of domestic violence and a battered —
T. at 78.
Defense counsel objected and the trial court sustained the objection, striking the comment. Id. We find the trial court properly handled the objection. A group of comments was made during closing argument:
 Deborah Davenport got on the stand, and ladies and gentlemen of the jury, Deborah Davenport bore her sole (sic), she got the courage, she came in here and testified * * * .
T. at 229.
 Now I'll tell you what, I watched this cross examination yesterday, and if you felt like I did, I'll tell you what, you've got to give this young lady credit for coming in here —
T. at 230.
 And I think we all know that sometimes it's difficult for any victim to want to go through —
T. at 231.
Defense counsel objected to the latter two comments and the trial court sustained the objections. We find the trial court properly handled the objections. No objection was made to the first comment. We find no evidence of plain error. Crim.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91.
Appellant also argues the prosecutor made unnecessary and irrelevant comments regarding the medical condition of Ms. Davenport's child in order to garner sympathy. T. at 80, 231. The fact that the child suffers from an illness was not raised for sympathy but was presented on direct to explain why Ms. Davenport complained of late night telephone calls by appellant. T. at 107-108.
Appellant also complains the prosecutor during rebuttal tells the jury "they are the conscience of the community." Appellant's Brief at 9. The actual comment was as follows:
 * * * Now ladies and gentlemen of the jury, the evidence in this case shows that this Defendant committed domestic violence against Deborah Davenport and you know, when we started this trial the Judge said something that I really listened to and I thought it was a very good point. He told you, you're the conscience of the community.
T. at 250.
Defense counsel objected to this comment and the trial court overruled the objection noting the comment was a correct interpretation of what the trial court had said. Id. We find the trial court properly handled the objection.
Lastly, appellant complains of the prosecutor's comment on rebuttal regarding appellant's failure to introduce evidence as to where he "was that night." T. at 248. Defense counsel objected to this comment and the trial court overruled the objection noting "[h]e didn't have to put anything into evidence." Id. The trial court cautioned the jury to disregard the comment. Id. We find the trial court properly handled the objection.
Based upon the general tenor of the trial, we find the trial court properly handled the objections and motion for mistrial with the rulings made and the general admonitions to the jury. T. at 70, 258.
Assignment of Error II is denied.
 III
Appellant claims he was deprived of the effective assistance of trial counsel. We disagree.
The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
We note the United States and Ohio Constitutions guarantee each person effective trial counsel, not the best or most eloquent.
Appellant argues his trial counsel was overzealous and "crossed the line and thereby prejudiced his client." Appellant's Brief at 10. Appellant argues his trial counsel "went too far" and in particular cites the transcript at 139-145 wherein defense counsel called Ms. Davenport and the prosecutor liars and was found in contempt of court twice.
As noted in fn. 1, this was the second complete trial for appellant on these charges. Defense counsel sub judice
represented appellant in the first trial and on appeal. Defense counsel was not appointed but was hired by appellant of his own choosing. In this court's previous opinion, this writer, who authored the previous opinion, noted "the level of argument during the motion hearing deteriorated beyond control to a personal attack on the prosecutor by defense counsel." See, State v.Heropulos (July 19, 1999), Stark App. No. 1998CA00254, unreported, fn. 1. Clearly, defense counsel's "overzealous" style was familiar to appellant.
While the tenor of the second trial was peppered with the same derogatory comments (T. at 130, 138, 139, 140, 141), the trial court attempted to resolve the animosity and circus-like atmosphere at side bar as follows:
 BY THE COURT: Stevie, I don't want you to ever demean, degrade a public officer or a public official or a court official by calling them a no good liar. If that's how you feel, then don't express it in my court, please.
T. at 158.
Remarkably, after the above admonition, the trial proceeded in a relatively calmer manner. It is the trial court's duty to control the trial and counsel therein. Royal Indemn. Co. v. J.C.Penney Co. (1986), 27 Ohio St.3d 31. Upon review, we find the trial court effectively controlled the trial. The trial court cautioned the jury before opening statement, at the objections and at the conclusion of the trial about what parts of the proceeding they were not permitted to consider. T. at 70, 258.
Appellant also argues his trial counsel erred in failing to subpoena Lieutenant Dennis Myers of the North Canton Police Department. Appellant does not explain how the outcome of the trial would have been different had Lieutenant Myers testified. In fact, Lieutenant Myers testified for the state in the first trial wherein appellant was convicted.
Upon review, we cannot point to any particular deficiency that prejudiced appellant given the direct testimony of Ms. Davenport and Ms. Gunn.
Assignment of Error III is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
[1] This trial was the second complete trial for appellant on these charges. The first trial resulted in a conviction which this court reversed due to a jury issue. See, State v. Heropulos
(July 19, 1999), Stark App. No. 1998CA00254, unreported.