OPINION
On April 12, 2000, the Stark County Grand Jury indicted appellant, Johnny Brack, on one count of possession of cocaine in violation of R.C.2925.11(A) and one count of tampering with evidence in violation of R.C.2921.12. A jury trial commenced on June 30, 2000. The jury found appellant guilty as charged. By judgment entry filed July 12, 2000, the trial court sentenced appellant to a total term of six and one-half years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THERE WAS INSUFFICIENT EVIDENCE TO FIND THE DEFENDANT GUILTY OF TAMPERING WITH EVIDENCE AND POSSESSION OF COCAINE, AND THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO TESTIMONY REGARDING OTHER ILLEGAL SUBSTANCES FOUND IN THE DEFENDANT'S VEHICLE WHEN THE DEFENDANT WAS NOT CHARGED WITH POSSESSION OF THOSE SUBSTANCES.
 III THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY REGARDING OTHER ILLEGAL SUBSTANCES FOUND IN THE DEFENDANT'S VEHICLE WHEN THE DEFENDANT WAS NOT CHARGED WITH POSSESSION OF THOSE SUBSTANCES.
 IV THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION FOR A MISTRIAL AFTER A PROSECUTION WITNESS TESTIFIED ABOUT A CRIMINAL CHARGE THAT THE DEFENDANT HAD BEEN ACQUITTED OF.
 V THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY REGARDING ALLEGATIONS OF CHILD ABUSE AGAINST THE DEFENDANT.
 I
Appellant claims there was insufficient evidence to find him guilty and his convictions were against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380 . The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note circumstantial evidence in Ohio is given the same weight as direct evidence. Jenks, supra. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey (1992),64 Ohio St.3d 353, 363, citing State v. Lott (1990), 51 Ohio St.3d 160,167. Appellant was charged with possession of cocaine in violation of R.C. 2925.11(A) which states "[n]o person shall knowingly obtain, possess, or use a controlled substance." Appellant was also charged with tampering with evidence in violation of R.C. 2921.12 which states as follows: (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
Appellant argues there was no evidence that he tampered with evidence nor that he possessed cocaine. In particular, appellant argues there was no direct evidence that the white substance he was chewing when the police stopped him was cocaine or that he even had possession of the cigar box wherein cocaine was found. Appellant's vehicle was stopped by numerous police officers who were on surveillance at his residence awaiting his arrival as appellant was a known fugitive. T. at 124-126, 139. Police officers approached the vehicle and several officers identified appellant as the driver of the vehicle. T. at 130, 169, 176, 197, 235, 248. Four officers observed appellant chewing something. T. at 182, 197, 236-237, 251. Appellant was ordered to spit the substance on the ground. T. at 197. The substance was described as white rocks. T. at 197-198, 252. The officers collected the substance (State's Exhibit 1A) which was determined to be cocaine. T. at 198, 239. Appellant's vehicle was searched and a cigar box (State's Exhibit 1C) was removed from directly under the driver's seat. T. at 134-135, 183-184, 258. The contents of the cigar box were determined to be cocaine. T. at 295-296. A rock of cocaine was found in appellant's left shoe (State's Exhibit 1B1 and 1B2). T. at 255-257, 294-295. Crumbs of cocaine were also observed on the driver's seat. T. at 200. Upon review, we find there was sufficient circumstantial evidence to infer that appellant was attempting to destroy evidence of cocaine by chewing it and that appellant possessed cocaine in his mouth, in his shoe and in the cigar box located directly under his seat. We find no manifest miscarriage of justice. Assignment of Error I is denied.
 II, III
Appellant claims his trial counsel was ineffective in not objecting to testimony concerning other drugs found in the vehicle and which were not charged in the indictment. Appellant further argues it was plain error to permit the testimony. We disagree. The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following: 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987), 32 Ohio St.3d 380, 388. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The complained of testimony was elicited from Detective Deborah Geiger who assisted in the arrest of appellant's co-defendant, George Love. Prior to any of this testimony, the trial court anticipated an objection and informed counsel of a cautionary instruction he intended on giving the jury:
THE COURT: Under Evidence Rule 404, obviously the Court is going to caution the jurors that they may not consider the evidence pertaining or relating to the marijuana and the hydrocodone to prove that the Defendants committed the crime charged in the indictment and the crimes for which we are here today. Is that satisfactory? I mean it does go to —
MR. MARAGAS: It can be considered for knowledge.
THE COURT: It can be considered, however, for other purposes such as proof of motive, opportunity, intent —
MR. MARAGAS: Yeah, that's exactly.
T. at 171-172.
During the charge to the jury, the trial court did so instruct the jury. T. at 414. Although defense counsel did not object at the time of the presentation of the complained of evidence, we find the matter was adequately within the scope of relevant evidence as to motive under Evid.R. 404. Further, the testimony was generally about the items seized in the immediate proximity of Mr. Love, not appellant. Upon review, we find no deficiency by trial counsel as would substantiate a change in the outcome of the trial or that the admission of the complained of evidence was plain error. Assignments of Error II and III are denied.
 IV
Appellant claims the trial court erred in denying his motion for mistrial after a prosecution witness, Michael Beebe of the Adult Parole Authority, testified to a criminal offense appellant had been charged with but acquitted of in 1980. We disagree. The granting of a mistrial lies in the trial court's sound discretion. State v. Simmons (1989),61 Ohio App.3d 514; Blakemore. The complained of answer was in response to defense counsel's first question on recross-examination after having notice of appellant's criminal history. T. at 156. The questioning was as follows: Q. Mr. Beebe, would you take a few minutes to look back through what appears to be Mr. Brack's record and see if you can find any acts of violence toward a police officer either fleeing and eluding, resisting, assaulting, escape.
A. There was an aggravated murder in 1980.
Q. Again — was it toward a police officer?
A. No. You said acts of violence, that's an aggravated murder.
T. at 153-154.
At the conclusion of the recross-examination, defense counsel elicited from Mr. Beebe that appellant had been acquitted of the charge. T. at 155. We note the exchange was partially invited error by defense counsel and the answer was clearly non-responsive. The entire issue was cleared up by the final question and answer exchange. In addition, the trial court gave a cautionary instruction on prior conviction evidence. T. at 413. Upon review, we fail to find that the trial court erred in denying the motion for mistrial where no prejudice to a substantive right was shown. We find no abuse of discretion by the trial court. Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in not sustaining an objection to an answer given to a question posed by his own trial attorney. We disagree. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. In State v. Kollar (1915), 93 Ohio St. 89, 91, the Supreme Court of Ohio stated the following: The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment of an error for which he was actively responsible.
The complained of dialogue on cross-examination of Mr. Beebe was as follows:
Q. Would you explain to the ladies and Gentlemen of the jury what a fugitive is? A fugitive stop, I think you —
A. He was a fugitive at the time we conducted a felony stop. It was a felony warrant for his arrest, and a felony stop, the offender is usually removed from the car at gunpoint for officer safety.
Q. What type of felony arrest were you making, for what?
A. He was a parole violator at large.
* * *
Q. So it is your testimony here that you put together a team of totaling seven officers to pick Johnny Brack up as a fugitive because he was on parole?
A. No, there were other allegations that he was beating the children at the residence.
T. at 142-143.
The thrust of the trial strategy by defense counsel was to argue "overkill" in executing a fugitive warrant. T. at 391. In so doing, defense counsel stepped into a trap that he created. We cannot find any error in the trial court's denial of the objection. Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Milligan, V.J. concur.