DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count each of engaging in a pattern of corrupt activity, conspiracy to commit the offense of engaging in a pattern of corrupt activity, money laundering, possession of marijuana in an amount exceeding 20,000 grams and conspiracy to traffic in marijuana. Following a jury trial, appellant was sentenced to consecutive terms of nine years and eight years as to the convictions for engaging in a pattern of corrupt activity and possession of marijuana. The sentences for the other three convictions were ordered to be served concurrently with each other and concurrently with the two consecutive sentences. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "Assignment of Error Number 1
 {¶ 4} "The trial court erred to the prejudice of Mr. Zuniga by imposing consecutive sentences without complying with the provisions of R.C. 2929.14(E)(4).
 {¶ 5} "Assignment of Error Number 2
 {¶ 6} "The trial court erred to the prejudice of Mr. Zuniga by denying the motion for a mistrial made during voir dire where the prosecution intimated that the defense has an obligation to present evidence, in violation of his due process rights guaranteed under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 7} "Assignment of Error Number 3
 {¶ 8} "Insofar as any of the errors complained of herein are deemed not to have been preserved properly by trial counsel, appellant was denied the effective assistance of counsel to which he is constitutionally entitled."
 {¶ 9} The undisputed facts that are relevant to the issues raised on appeal are as follows. As part of an ongoing investigation into drug-related activity, Wayne Johnson, a special agent with the North Carolina Bureau of Criminal Investigation, convinced Nancy Harris, one of the suspects in the investigation, to cooperate with the authorities in exchange for a reduction in the charges against her. As part of the investigation, Harris traveled throughout the country and engaged in controlled purchases of narcotics. Harris testified that she made several trips to and from the North Carolina area, traveling to Toledo, Ohio; Alabama; California and other points, transporting marijuana and cash and she identified appellant as one of the persons with whom she met and for whom she delivered marijuana. She testified that in May 1998, she made a trip to Los Angeles, where she retrieved a suitcase from appellant. The record reflects that in 1998, appellant had entered a guilty plea in California to a charge of possession of marijuana.
 {¶ 10} Appellant was charged on September 3, 1999, along with three other individuals, in an indictment consisting of eighteen counts, five of which named appellant. The counts naming appellant were as follows: count one, engaging in a pattern of corrupt activity violation of R.C. 2923.32(A)(1) and (B)(1); count two, conspiring to commit the offense of engaging in a pattern of corrupt activity in violation of R.C. 2923.01(A)(2); count three, money laundering in violation of R.C.1315.55(A)(3) and 1315.99(C); count seventeen, possession of marijuana in an amount exceeding 20,000 grams in violation of R.C. 2925.11(A) and (C)(3)(f) and count eighteen, conspiracy to traffic in marijuana in violation of R.C. 2923.01(A)(2). Appellant entered a plea of not guilty as to all counts that pertained to him, and after trial to a jury, he was found guilty of all five of those counts. On August 18, 2000, the trial court imposed a sentence of nine years as to count one and eight years as to count seventeen, to be served consecutively. The trial court further imposed sentences of four years each as to counts two, three and eighteen, to be served concurrently with each other and concurrently with counts one and seventeen.
 {¶ 11} In his first assignment of error, appellant asserts that the trial court failed to comply with R.C. 2929.14(E)(4) when it ordered that the sentences for counts one and seventeen be served consecutively. Appellant argues that the trial court's findings were "meager" and that it supported the imposition of consecutive sentences solely by citing the language contained in the statute without any additional analysis.
 {¶ 12} R.C. 2929.14(E)(4) provides as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "* * *
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} At appellant's sentencing hearing, the trial court stated: "[The] Court further finds that the defendant is a major drug offender.
 {¶ 17} "The Court further finds that as provided for in Revised Code Section 2929.14(E), that the sentences for Counts 1 and 17 should be served consecutively, one to the other.
 {¶ 18} "It's the further order and sentence of this Court that the sentences for Counts 2, 3 and 18 should be served concurrently to each other and concurrently with the sentence of this Court for Count 1.
 {¶ 19} "The Court further finds it is necessary to fulfill the purposes of Revised Code 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, that the sentences as regards Counts 1 and 17 should be served consecutively, one to the other.
 {¶ 20} "The Court expressly finding that the harm caused was great or unusual, and that defendant's criminal history requires consecutive sentences."
 {¶ 21} The language quoted above closely parallels the language of the statute, as appellant notes. Prior to stating those findings, however, and in further support of the sentence imposed, the trial court noted that appellant had been convicted of two felony offenses in the state of California and five felony offenses in Ohio. The trial court also addressed at length the seriousness of appellant's conduct and the effects the purveying of drugs has on many people in our country. The trial court spoke about the major role appellant played in bringing drugs into this country from Mexico, the number of people he employed to help him, and the large amount of drugs involved. The trial court spoke of how appellant did all of this despite knowing that the drugs would be distributed to many people, including children, and that the drugs would bring harm to many lives. The trial court further explained that the large quantity of drugs involved and the number of offenses of which the jury found him guilty made a major impression on the court. The trial court also stressed that it had very carefully reviewed all of the notes taken during the trial, the presentence report, the documentary evidence and the testimony of the witnesses.
 {¶ 22} Based on all of the foregoing, this court finds that the trial court adequately complied with the requirements of R.C. 2929.14(E)(4) when it ordered appellant to serve two the sentences for counts one and seventeen consecutively. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 23} In his second assignment of error, appellant asserts that the trial court erred by denying his motion for a mistrial made during voir dire. Appellant argues that the prosecutor made a statement which intimated that the defense has an obligation to present evidence.
 {¶ 24} During voir dire, the prosecutor made the following statement: "There's a couple things we do need to talk about, hearing things from both sides. Do you think — can you assess credibility? Can you reach a decision if you only hear things from one side?" Defense counsel immediately objected and the objection was sustained. Counsel then approached the bench and moved for a mistrial. The trial court denied the motion.
 {¶ 25} Generally, a motion for a mistrial pursuant to Crim.R. 33 is within the sound discretion of the trial court and will not be reconsidered on appeal unless there is an abuse of discretion. State v.Schiebel (1990), 55 Ohio St.3d 71. However, when the motion alleges prosecutorial misconduct, the reviewing court must determine whether the prosecutor's conduct deprived the appellant of his due process rights to a fair trial. State v. Johnson (1988), 39 Ohio St.3d 48. "The infinite variety of circumstances in which a mistrial may arise requires great deference to the trial court's discretion, recognizing the trial judge is in the best position to determine whether the situation warrants declaration of a mistrial." State v. Simmons (1989), 61 Ohio App.3d 514,517, citing State v. Glover (1988), 35 Ohio St.3d 18, 19.
 {¶ 26} Upon review of the record of proceedings in this case, this court finds that the prosecutor's remarks did not deprive appellant of his due process rights to a fair trial. The record shows that prior to making the statement to which the defense objected, the prosecutor had acknowledged to the prospective jurors that appellant was presumed innocent. Defense counsel later told the prospective jurors that appellant might testify but explained that appellant had no obligation to "prove anything" and might very well "say nothing." We further note that the trial court instructed the jury as follows: "It is not necessary that the defendant take the witness stand in his own defense. He has a constitutional right not to testify. The fact that he, the defendant, did not testify must not be considered for any purpose." Further, the Supreme Court of Ohio has held that a jury is presumed to follow the instructions given by the trial judge. See State v. Liza (1994),71 Ohio St.3d 61, 75.
 {¶ 27} In light of the law as summarized above and the record of proceedings in this case, this court finds that the prosecutor's remarks did not deprive appellant of a fair trial and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 28} In his third assignment of error, appellant asserts that he may have been denied the effective assistance of counsel "insofar as trial counsel * * * may be deemed to have waived error." Appellant suggests that trial counsel should have sought a Crim.R. 29(A) motion for acquittal and that his advice to appellant not to testify may have affected the jury's thinking as to guilt. Appellant does not, however, provide any argument in support of either of those two claims. Nonetheless, we note that trial counsel's decision not to make a Crim.R. 29(A) motion for acquittal was a matter of trial strategy and in this case was most likely made in light of the weight of the evidence that had been presented against appellant. See State v. Jenkins (Mar. 31, 1998), Lucas App. No. L-97-1303. Further, as to appellant's other claim, the record reflects that the decision not to testify was appellant's. Based on the foregoing, appellant's third assignment of error is not well-taken.
 {¶ 29} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.