OPINION
{¶ 1} On February 22, 2005, the Stark County Grand Jury indicted appellant, Timothy Wilson, on one count of burglary in violation of R.C. 2911.12. Said charge arose from an incident involving John Roush.
 {¶ 2} A jury trial commenced on April 7, 2005. The jury found appellant guilty. By judgment entry filed April 27, 2005, the trial court sentenced appellant to three years of community control.
 {¶ 3} On July 13, 2005, appellant's community control was revoked. By judgment entry filed July 19, 2005, the trial court sentenced appellant to fourteen months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 6} "THE TRIAL COURT ERRED IN ADMITTING EVIDENCE WHICH WAS UNFAIRLY PREJUDICIAL."
 III {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHERE THE STATE'S WITNESS TESTIFIED TO EVIDENCE EXCLUDED BY A MOTION IN LIMINE."
 I {¶ 8} Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 9} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 10} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(4) which states the following:
 {¶ 11} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 12} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 13} On January 15, 2005, Roberta Kent went to the home of John Roush to use his telephone. T. at 101. Ms. Kent's "ex-boyfriend or boyfriend," appellant, arrived a few minutes later. T. at 102. Mr. Roush did not permit appellant to enter his home. T. at 103. Appellant then kicked in the door, entered the home and pulled the phone cord out. T. at 103, 113, 115. The investigating officer, Canton Police Officer Scott Fout, testified to observing damage to the door and a telephone on the floor which "had been ripped out." T. at 93, 95. Appellant presented the testimony of Norman Hostetler, Mr. Roush's landlord, who repaired the broken door. T. at 147, 153.
 {¶ 14} Appellant argues Mr. Roush had motive to lie as appellant owed Mr. Roush money. Appellant's Brief at 6. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
 {¶ 15} Upon review, we find sufficient evidence, if believed, to support the conviction, and no manifest miscarriage of justice.
 {¶ 16} Assignment of Error I is denied.
 II, III {¶ 17} Appellant claims the trial court erred in permitting testimony of other acts which was unfairly prejudicial, and in denying his motion for a mistrial. We disagree.
 {¶ 18} The admission or exclusion of evidence and whether to grant a mistrial lie in the trial court's sound discretion.State v. Sage (1987), 31 Ohio St.3d 173; State v. Simmons
(1989), 61 Ohio App.3d 514. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 19} Evid.R. 404 governs the admissibility of other crimes, wrongs or acts. Subsection (B) states, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 20} Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403.
 {¶ 21} Appellant argues the trial court erred in permitting testimony about appellant engaging in domestic violence at the time of the incident. Specifically, appellant complains of Officer Fout's testimony of arriving on the scene and observing appellant on top of Ms. Kent, "who appeared to be physically assaulting a female." T. at 89. Ms. Kent was screaming and was hysterical. T. at 90-91. No objection was made to this testimony. Mr. Roush testified appellant was not welcome in his home if "there is any violence or physical harm." T. at 104. Defense counsel objected and requested a mistrial. T. at 104-105. The trial court instructed the jury to disregard the comment and denied the request for mistrial, finding the comment was not prejudicial. Id. Mr. Roush then stated appellant indicated "he was going to hurt her [Ms. Kent]." T. at 106. Again, defense counsel objected and the trial court instructed the jury to disregard the comment. Id. at 106. Appellant argues the testimony was unfairly prejudicial to him.
 {¶ 22} Prior to trial, appellant asked for a motion in limine to prohibit the witnesses from testifying that appellant was engaged in domestic violence on the evening in question or about any other prior incidents of domestic violence. T. at 6. The trial court agreed to allow testimony to the limited extent of explaining "what happened, happened." T. at 9.
 {¶ 23} From our review of the complained of testimony, we find Officer Fout's comments explained his observations as to what was "happening" when he arrived on the scene. Mr. Roush's comments were an attempt to explain why he did not want appellant in his home, as he feared for Ms. Kent's safety. Although relevant to explain Mr. Roush's state of mind, the trial court instructed the jury to disregard the comments. During jury instructions, the trial court told the jurors that statements or answers "which you were instructed to disregard are not evidence and must be treated as though you never heard them." T. at 192.
 {¶ 24} Upon review, we find the complained of testimony did not unfairly prejudice appellant and the trial court did not err in denying the request for a mistrial.
 {¶ 25} Assignments of Error II and III are denied.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.