OPINION
{¶ 1} On May 22, 2005, appellant, Robyn Chambers, was cited for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19, resisting arrest in violation of R.C. 2921.33, driving in marked lanes in violation of R.C. 4511.33 and no seat belt in violation of R.C. 4513.263.
 {¶ 2} A jury trial commenced on November 1, 2005. The jury found appellant guilty of the R.C. 4511.19 and R.C. 2921.33
charges. The trial court found appellant guilty of the marked lanes charge. The seat belt charge was dismissed. By judgment entries filed November 2, 2005, the trial court sentenced appellant to an aggregate term of one hundred eighty days in jail, all but thirty-one days suspended, and ordered her to pay a $580.00 fine plus court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT'S ADMISSION OF EVIDENCE AND A JURY INSTRUCTION REGARDING AN ALLEGED REFUSAL TO SUBMIT TO A BLOOD ALCOHOL TEST WAS AN ERROR OF LAW."
 II {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT DECLARING A MISTRIAL AFTER EVIDENCE OF A PORTABLE BREATH TEST WAS ILLICITED BY THE PROSECUTION."
 III {¶ 6} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 7} Appellant claims the trial court erred in permitting evidence and a jury instruction on her failure/refusal to submit to a breath test. We disagree.
 {¶ 8} The admission or exclusion of evidence and the giving of jury instructions rest in the trial court's sound discretion.State v. Sage (1987), 31 Ohio St.3d 173; State v. Martens
(1993), 90 Ohio App.3d 338. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} The complained of testimony was that as Trooper Castellanos was attempting to inform appellant of her right to refuse to take the chemical test, appellant became belligerent:
 {¶ 10} "Q. If you could just recap for us then what does happen in that, in the receiving area, when you go into the jail.
 {¶ 11} "A. She's going in to get searched, unhandcuffed. At that time I begin to read the BMV 2255 form, at that time she becomes uncooperative again, points at me and steps at me, I really didn't notice it, but the Stark County Corrections officer stopped her and the one falls to the ground, and she's taken away by several officers.
 {¶ 12} "Q. And at that point, is she refusing the breathylizor (sic)?
 {¶ 13} "A. At that point she's not physically refusing, but she's not giving me the chance to ready (sic) her the entire form to advise her of all the consequences for the breath test and what I'm trying to tell her.
 {¶ 14} "Q. So due to her actions, she was unable to take the test?
 {¶ 15} "A. Yes." T. at 127-128.
 {¶ 16} As a result of the confrontation, appellant was unable to take the test. T. at 128. Appellant argues Trooper Castellanos never attempted to reread the form after she was jailed. The Supreme Court of Ohio has held that a defendant's refusal to submit to a breath test is admissible and probative of intoxication at the time of the refusal. Westerville v.Cunningham (1968), 15 Ohio St.2d 121. During appellant's arrest on the road, she was resistant and uncooperative while being handcuffed and placed in the cruiser. T. at 120-121. Appellant was also tried for resisting arrest.
 {¶ 17} We find the trial court did not err in admitting the evidence of appellant's behavior while being read the form regarding the breath test.
 {¶ 18} The complained of jury instruction was as follows:
 {¶ 19} "Now there has been evidence introduced indicating the Defendant was asked but refused to submit to a chemical test of her breath to determine the amount of alcohol in her system for purpose of suggesting that the Defendant believed she was under the influence of alcohol. If you find that the Defendant refused to submit to that test, you may, but are not required to consider this evidence along with all the other facts and circumstances in evidence in deciding whether the Defendant was under the influence of alcohol." T. at 214-215.
 {¶ 20} We find such an instruction to be consistent with the law as stated supra.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in not granting a mistrial when contra to a prior motion in limine, Trooper Castellanos began testimony concerning a "portable breath test." We disagree.
 {¶ 23} The granting of a mistrial lies in the trial court's sound discretion. State v. Simmons (1989), 61 Ohio App.3d 514;Blakemore.
 {¶ 24} Appellant did not make a motion for mistrial, but objected to the following testimony:
 {¶ 25} "A. At that point Trooper Haas returned with her back to the front of his vehicle, I believe she put her boots on, I went back to my patrol car and retrieved a portable breath test." T. at 113.
 {¶ 26} The trial court sustained the objection and gave the following cautionary instruction:
 {¶ 27} "Ladies and gentlemen, I'm sustaining the objection, the subject of portable breath test is something which you may not consider the results of those tests are not admissible into evidence and cannot be used, so you are instructed to disregard that. Okay, Counsel, you may proceed." T. at 114.
 {¶ 28} During the jury instructions, the trial court cautioned the jury to disregard any matter that they were instructed to disregard. T. at 211.
 {¶ 29} We find no abuse of discretion by the trial court in giving the cautionary instructions when the reference to the portable breath test was very limited and did not include any reference to the results. Further, we find that the trial court was under no obligation to sua sponte declare a mistrial.
 {¶ 30} Assignment of Error II is denied.
 III {¶ 31} Appellant claims her conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 32} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 33} The jury found appellant guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1) and resisting arrest in violation of R.C. 2921.33
which state as follows, respectively:
 {¶ 34} "[R.C. 4511.19(A)(1)(a)] (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 35} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.
 {¶ 36} "[R.C. 2921.33] (A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another."
 {¶ 37} Appellant argues there was evidence of only two field sobriety tests and this evidence was insufficient to prove beyond a reasonable doubt that she was under the influence of alcohol and/or drugs.
 {¶ 38} Trooper Haas testified he observed appellant driving on I-77 and observed numerous marked lane violations. T. at 76. The jury was shown a video of appellant's driving. T. at 81; Exhibit 1. During the stop, appellant was hesitant in pulling over and positioning her vehicle off of the roadway. T. at 78. Upon initial contact, Trooper Haas smelled alcohol on her breath. T. at 80.
 {¶ 39} When appellant performed the field sobriety test, her performance displayed indicators of a lack of sobriety. T. at 84, 108-110. These tests were observed by two troopers. Appellant's combative responses were also indicators of her lack of sobriety. T. at 85-86, 114-115.
 {¶ 40} We conclude the testimony of the two troopers and the video of appellant's driving and subsequent actions was sufficient to establish beyond a reasonable doubt that appellant was under the influence of alcohol and/or drugs.
 {¶ 41} Assignment of Error III is denied.
 {¶ 42} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.