The STATE of Ohio, Appellee,

v.

DUBOSE, Appellant.

[Cite as *State v. Dubose* (1997), 117 Ohio App.3d 219.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 12.

Decided Jan. 16, 1997.

*Jeffrey Limbian,* Youngstown City Prosecutor, for appellee.

*Thomas M. Vasvari,* for appellant.

---

JOSEPH E. O'NEILL, Presiding Judge.

This appeal arises out of final judgment by the trial court following a bench trial where appellant appeared without counsel and was found guilty of criminal trespassing in violation of R.C. 2911.21. The trial judge sentenced the appellant to thirty days in jail, twelve months' probation and a fine of $250 with $200 suspended.

Before attending to the assignment of error raised by the appellant, we must address the issue of the absence of counsel. It is apparent from the transcript of proceedings that the defendant-appellant appeared without counsel. If, indeed, it was his intention to waive his right to counsel, the only dialogue

between him and the trial judge appears at page 4 of the transcript, wherein the trial judge stated to the defendant-appellant:

"You are appearing without a lawyer. You are giving up your rights, you are waiving your right to a lawyer, that's fine, but a lawyer might ask some questions."

Crim.R. 44(B) reads as follows:

"(B) Counsel in Petty Offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

We cannot conclude that the defendant-appellant was fully advised by the court of the effect of his appearing without counsel. We cannot conclude from a review of the transcript that the defendant knowingly, intelligently and voluntarily waived counsel.

"In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph two of the syllabus.

Accordingly, in the absence of a knowing, intelligent and voluntary waiver of assignment of counsel, we conclude that it was prejudicial error for the trial judge to impose a sentence of confinement, and, accordingly, that portion of the judgment entry of the trial court is vacated, and the defendant-appellant is discharged from the sentence of confinement.

Upon our review of the transcript of proceedings, it becomes very clear that the defendant-appellant had repeatedly been warned to stay out of the parking lot of a Youngstown Metropolitan Housing Authority establishment. There was evidence from two arresting officers that he was observed in the parking lot immediately prior to his arrest.

Under direct examination, Frederick J. Farmer, a Youngstown Policeman, had the following to state:

"Q. Did you have any discussion or conversation with Mr. Dubose when you arrested him?

"A. None except that, the fact he knew he was warned to stay off the property, or he got a criminal trespass warning and he was on the list. Basically, he was being placed under arrest for criminal trespass."

R.C. 2911.21 reads as follows:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another."

The prosecution established beyond a reasonable doubt that the defendant-appellant, without any privilege to do so, knowingly entered and remained on the land of the Youngstown Metropolitan Housing Authority when he had previously been ordered not to do so.

The judgment of the trial court imposing a fine of $50 is affirmed.

*Judgment affirmed in part*
*and reversed in part.*

GENE DONOFRIO and COX, JJ., concur.