OPINION
{¶ 1} Defendant-appellant, Dwayne Thomas, appeals from a Youngstown Municipal Court decision convicting him of criminal trespass, following a jury trial.
 {¶ 2} On October 27, 2000, the Youngstown Police arrested appellant for criminal trespassing on Youngstown Metropolitan Housing Authority ("YMHA") property in violation of R.C. 2911.21(A)(3), a fourth-degree misdemeanor. On March 8, 2001, a trial commenced and the jury found appellant guilty as charged. On April 27, 2001, the trial court sentenced appellant to 30 days imprisonment and a $60 fine. The court stayed the sentence pending appeal. Appellant filed a timely notice of appeal on May 21, 2001. After a series of extensions, appellant filed his assignments of error and brief with this court on March 3, 2003.
 {¶ 3} At the outset, we note that plaintiff-appellee, the State of Ohio, has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 4} Appellant raises three assignments of error, the first of which states:
 {¶ 5} "The trial court erred by sustaining the state's objection to the defendant's use of photographs."
 {¶ 6} At trial, appellant wished to introduce photographs of the apartment building in question on YMHA premises. Appellee objected. Appellant argued that because appellee's witness, Shirley Atkinson, zone manager for YMHA, testified that there were "No Trespassing" signs posted on the building in question, these photographs should be permitted to rebut her testimony. Counsel argued that he took the pictures the previous night in order to show that no such signs are posted on the building in question, or on other surrounding buildings. The trial court denied the use of these photographs, reasoning that:
 {¶ 7} "* * * [T]his could only happen as a result of this matter being recessed due to time constraints and the matter being reset for today, thus permitting the Defense time to make those photos after the State having released its witnesses who could testify the same, as well as the inability of the Court to determine as to what time they were taken and whether or not they were in place at the time of the incident versus this time, so for those reasons, the Court feels at this time that they should not be permitted, so the Court will not permit those photos." (Tr. 150-51)
 {¶ 8} Appellant noted that appellee's witnesses could be called as rebuttal witnesses, and that one of the witnesses was in the court area that day. Appellee acknowledged this comment as true. Appellant argues that he wished to introduce the photographs to show that the building in question did not have "No Trespassing" signs on it. Without these photos, the court denied him the opportunity to completely present a defense.
 {¶ 9} The admission or exclusion of evidence is within the trial court's discretion. State v. Sage (1987), 31 Ohio St.3d 173, 180. Thus, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466,470.
 {¶ 10} Appellant argues that he wished to introduce the photographs so that he could contradict Ms. Atkinson's testimony that a "No Trespassing" sign was posted on the building in question. The presence or absence of a "No Trespassing" sign would prove or negate the element of "notice" required for criminal trespass pursuant to R.C.2911.21(A)(3), which provides:
 {¶ 11} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 12} "* * *
 {¶ 13} "(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access."
 {¶ 14} Since appellant wished to introduce the photographs to rebut Ms. Atkinson's testimony that "No Trespassing" signs were posted on the building, the trial court abused its discretion in failing to allow him to do so. Although the court reasoned that it would not be able to determine whether the signs were in place at the time of the incident, it was not the court's place to make this determination. This was a jury trial. Had appellant introduced the photographs, appellee could have attacked their relevancy as to the night in question by cross-examining the witness about when they were taken. It could have then brought out that over four months passed between the time appellant was arrested for trespassing and the time the photographs were taken. Hence, the court's decision to not admit the photographs was unreasonable.
 {¶ 15} Both of appellee's police witnesses testified that they had previously given appellant verbal and written warnings to stay off YMHA premises. These warnings, by themselves, effectively gave appellant adequate notice that he was not authorized to enter or remain on YMHA premises. R.C. 2911.21(A)(3) provides that the offender must have notice that he or she was unauthorized to enter or remain on the premises of another. The statute provides for this notice in any one of four ways: (1) by actual communication to the offender; (2) in a manner prescribed by law; (3) by posting in a manner reasonably calculated to come to the attention of intruders; or (4) by fencing or other enclosure manifestly designed to restrict access. Since appellant had notice by way of actual communication, appellee did not have to prove that "No Trespassing" signs were posted on the building. Thus, whether "No Trespassing" signs were posted on the building would not have affected the outcome of appellant's trial.
 {¶ 16} A non-constitutional error in admitting or excluding evidence is harmless if substantial other evidence supports the verdict.State v. Cody, 8th Dist. No. 77427, 2002-Ohio-7055, at ¶ 15; Statev. Griffin (2001), 142 Ohio App.3d 65, 79. Therefore, although the trial court abused its discretion in excluding appellant's photographs, this error was harmless. Appellant's first assignment of error is without merit.
 {¶ 17} Appellant's second assignment of error states:
 {¶ 18} "The trial court erred by permitting the admission of the police report."
 {¶ 19} Upon appellee's motion, the trial court admitted a Youngstown Police report of appellant's arrest as evidence. Appellee argued that it wished to introduce the report because it contained information about appellant's identity, such as his social security number and birth date, which matched the information on the written warning Officer John Prest issued to appellant. Appellee asserted the report was necessary to convince the jurors that appellant was both the subject of the written warning and the arrest.
 {¶ 20} Appellant argues that, because Officers Welch and Prest clearly identified him in court as the subject of the arrest and of the written and verbal warnings, the police report did not aid in the identification process. Appellant therefore contends that the police report served only as damaging hearsay that placed him in a bad light. The jury should not have been given the opportunity to consider the police report, appellant urges, as appellee submitted it to unfairly inflame the jury with hearsay.
 {¶ 21} Hearsay is an out of court statement offered in court to prove the truth of the matter asserted. Evid.R. 801(C). The police report clearly falls within this definition. Generally, hearsay is inadmissible. Evid.R. 802. Thus, the police report was inadmissible unless it fell under an exception. Evid.R. 803 sets out exceptions to the general rule that hearsay is inadmissible. Evid.R. 803(8) allows the court to admit certain public records. The hearsay rule does not exclude:
 {¶ 22} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however,in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness." Evid.R. 803(8). (Emphasis added.)
 {¶ 23} Under this rule, the police report was inadmissible. Thus, the trial court erred in admitting it. While the court erred in admitting the police report, such error was harmless. "[A]n error in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction, and that in such cases there must be overwhelming evidence of the accused's guilt or some other indicia that the error did not contribute to the conviction."State v. DeMarco (1987), 31 Ohio St.3d 191, 195.
 {¶ 24} In the case at bar, Officer Welch had firsthand knowledge of the events of the night in question, as he was one of the arresting officers. As such, he testified as to the events and details noted in the police report from his own eyewitness account. Even if the police report had not been admitted, Officer Welch's firsthand testimony effectively set forth the same information contained therein. (Tr. 95-96). Additionally, Officer Welch testified that he had given appellant more than one verbal warning to stay off the premises, and Officer Prest testified that he had issued both verbal and written warnings to appellant. (Tr. 101, 135-136). The two officers' testimonies presented overwhelming evidence of appellant's guilt on the charge of criminal trespass, even absent the admittance of the police report. The admission of the police report, therefore, constituted harmless error. Accordingly, appellant's second assignment of error is without merit.
 {¶ 25} Appellant's third assignment of error states:
 {¶ 26} "The trial court erred by overruling the Ohio Crim. R. 29, motion for acquittal as the state failed to offer evidence of authority to warn."
 {¶ 27} Appellant argues that Ms. Atkinson's testimony failed to indicate whether anyone had the authority to exclude him from YMHA premises. Therefore, appellant reasons, appellee cannot demonstrate the requisite "without privilege" element of criminal trespass pursuant to R.C. 2911.21(A)(3).
 {¶ 28} Appellant points to the following colloquy:
 {¶ 29} "Q Ma'am, do you know who empowered the police detail to issue citations and make arrests?
 {¶ 30} "A [Ms. Atkinson] I would assume it's Y.M.H.A.
 {¶ 31} "Q But do you know who that would be?
 {¶ 32} "A No. I couldn't tell you the person's name.
 {¶ 33} "Q I mean is it that you don't know, I presume, then whether or not it would have been the legislative body that would make these decisions?
 {¶ 34} "A I don't know that.
 {¶ 35} "Q And you're not certain as we sit here today who the people are specifically that make those decisions?
 {¶ 36} "A I would imagine it would be our administrative personnel director, Ms. Eugenia Atkinson with Beverly Bushey that would make those decisions and it would have to be then passed by the board.
 {¶ 37} "Q Okay. Then you're saying these things in a rather speculative fashion, you don't know this for a fact?
 {¶ 38} "A No, I do not.
 {¶ 39} "Q You do not know whether the State has given this authority, the legislative powers or not, do you, ma'am?
 {¶ 40} "A No. I'm not aware of that.
 {¶ 41} "Q Do you know, ma'am, what the source of funds are for Y.M.H.A.?
 {¶ 42} "A Public housing funds.
 {¶ 43} "Q Public housing funds?
 {¶ 44} "A Yes. Through H.U.D.
 {¶ 45} "Q Federal housing funds then?
 {¶ 46} "A Yes.
 {¶ 47} "Q Is there any private money involved in this whatsoever?
 {¶ 48} "A No." (Tr. 126-128).
 {¶ 49} Appellant contends, based on this, that appellee failed to make a showing that YMHA had the authority to exclude people from the premises, thereby failing to demonstrate a necessary requisite for the charged offense. Accordingly, appellant continues, the court abused its discretion in denying his Crim.R. 29 motion for acquittal.
 {¶ 50} Crim.R. 29(A) provides, in pertinent part:
 {¶ 51} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 52} An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard as that used to review a sufficiency of the evidence claim. State v. Rhodes, 7th Dist. No. 99 BA 62, 2002-Ohio-1572, at ¶ 9.
 {¶ 53} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict.State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, 80 Ohio St.3d at 113.
 {¶ 54} This court, in State v. Dubose (1997), 117 Ohio App.3d 219, suggested that YMHA has the authority to exclude people from their premises and to empower police to arrest people that are not permitted on YMHA property. Additionally, we suggested that verbal and written warnings issued by the Youngstown Police sufficiently establishes the requisite "without privilege" element of criminal trespassing. We stated:
 {¶ 55} "Upon our review of the transcript of proceedings, it becomes very clear that the defendant-appellant had repeatedly been warned to stay out of the parking lot of a Youngstown Metropolitan Housing Authority establishment. There was evidence from two arresting officers that he was observed in the parking lot immediately before his arrest.
 {¶ 56} "* * *
 {¶ 57} "The prosecution established beyond a reasonable doubt that the defendant-appellant, without any privilege to do so, knowingly entered and remained on the land of the Youngstown Metropolitan Housing Authority when he had previously been ordered not to do so." Id. at 221-222.
 {¶ 58} At trial, Ms. Atkinson testified that YMHA owns the property in question. (Tr.129). Additionally, she testified that YMHA has empowered the Youngstown Police officers assigned to the property to arrest people for trespassing and for other criminal activities and that this is the official policy of YMHA. (Tr. 124-125). Ms. Atkinson's testimony therefore established YMHA's authority to exclude people from its properties.
 {¶ 59} Furthermore, both Officer Welch and Officer Prest testified they had verbally warned appellant that he was not permitted on YMHA property. (Tr. 101, 136). And Officer Prest testified that he issued appellant a written warning not to trespass on YMHA premises. (Tr. 136). Additionally, Officer Welch testified that his assignment as a Youngstown Police Officer is to patrol YMHA property and deter any criminal activity on the property. (Tr. 93). He further testified that as a Youngstown Police Officer assigned to YMHA property, he is empowered to take action as to any criminal activity occurring on the premises, including issuing warnings or making arrests for criminal trespass. (Tr. 93-94).
 {¶ 60} Based on this court's reasoning in Dubose and Ms. Atkinson's and Officer Welch's testimony, the trial court did not abuse its discretion in denying appellant's motion for acquittal. Therefore, appellant's third assignment of error is without merit.
 {¶ 61} For the reasons stated above, the trial court's decision is hereby affirmed.
Vukovich and Waite, JJ., concur.