[Cite as *State v. Blackford*, 2013-Ohio-1632.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ZAAVAN BLACKFORD | : | Case No. 2012CA00146 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                  Court, Case No. 2012CRB2391



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 April 22, 2013



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ANTHONY RICH                           CRISTIN ROUSH
218 Cleveland Avenue, SW               200 West Tuscarawas Street
P.O. Box 24218                         Suite 200
Canton, OH  44701-4218                 Canton, OH  44702

*Farmer, J.*

{¶1} On June 13, 2012, appellant, Zaavan Blackford, was charged with one count of criminal trespass in violation of R.C. 2911.21. Appellant was discovered on the property of Skyline Terrace, a government subsidized housing authority, in the apartment of Tommy Cleveland. Appellant did not have a visitor's pass and was not allowed to be on the property.

{¶2} On July 25, 2012, appellant filed a motion to dismiss, claiming Skyline Terrace could not ban certain people from the property thereby limiting a tenant's right to invite people to the property. A hearing was held on July 30, 2012. By judgment entry filed same date, the trial court denied the motion. The trial court filed a supplemental judgment entry on July 31, 2012.

{¶3} A jury trial commenced on July 31, 2012. The jury found appellant guilty as charged. By judgment entry filed July 31, 2012, the trial court sentenced appellant to thirty days in jail, twenty-five days suspended in lieu of good behavior for two years.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE A LANDLORD CANNOT PROHIBIT A TENANT'S INVITED GUESTS FROM BEING PRESENT ON THE PROPERTY."

II

{¶6} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A MISTRIAL BECAUSE TESTIMONY WAS ELICITED IN VIOLATION OF THE ORDER GRANTING DEFENDANT'S MOTION IN LIMINE."

III

{¶7} "THE TRIAL COURT ERRED IN ADOPTING THE GUILTY FINDING AS THE FINDING WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶8} Appellant claims the trial court erred in denying his motion to dismiss because he had permission to enter Mr. Cleveland's apartment. We disagree.

{¶9} Appellant was charged with criminal trespass in violation of R.C. 2911.21(A)(1) which states, "[n]o person, without privilege to do so, shall***[k]nowingly enter or remain on the land or premises of another." "Privilege" is defined in R.C. 2901.01(A)(12) as, "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."

{¶10} In its July 31, 2012 supplemental judgment entry denying appellant's motion to dismiss, the trial court found Mr. Cleveland understood that appellant could not be in his apartment without a visitor's pass:

Defendant argued that a representative of a subsidized government housing complex can not exclude an invitee of a lessee and that a criminal

trespass conviction can not hold under these circumstances. Defendant presented the testimony of Tommy Cleveland on his behalf. Mr. Cleveland testified that he invited Defendant to his apartment on June 12, 2012. Mr. Cleveland testified that he was without knowledge that Defendant was not permitted on the premises on June 12, 2012. The Court found the testimony of Mr. Cleveland not credible after Mr. Cleveland was shown two letters from the landlord prior to June 12, 2012 warning Mr. Cleveland to not allow Defendant on the property.

*** 

Finally, Defendant had been previously charged with criminal trespass in the same apartment complex in April of 2012 and had been warned not to return (see Canton Municipal Court Case 2012 CRB 1514).

{¶11} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶12} During the hearing on the motion to dismiss, Mr. Cleveland admitted appellant came over to see him because he was not feeling well and they were meeting up to go to church to obtain food. July 30, 2012 T. at 13. He claimed they were going to go to the office to obtain a visitor's pass after the office opened and after they returned from the church. *Id.* at 14. Mr. Cleveland claimed he was not aware that

appellant was not permitted to be on the property. *Id.* at 12. He denied receiving letters dated April 20, and May 10, 2012 informing him that appellant was not permitted to be in his apartment. *Id.* at 16-19.

{¶13} It was appellant's position that he was an invited guest of Mr. Cleveland's and therefore could not be arrested for criminal trespass.

{¶14} The criminal complaint filed June 13, 2012 stated appellant "was found to be on the property of Skyland Terrace and has been advised in the past he is not allowed to be on said property." Appellant was not charged with criminal trespass on the premises of Mr. Cleveland.

{¶15} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in denying his motion for a mistrial because of a violation of the trial court's in limine order. We disagree.

{¶18} The decision to grant or deny a motion for mistrial rests in the sound discretion of the trial court. *State v. Simmons,* 61 Ohio App.3d 514 (9th Dist. 1989). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶19} On July 30, 2012, appellant filed a motion in limine to exclude evidence of his other crimes/bad acts. The prosecutor sought to explain why appellant was on Skyline Terrace's "banned list." July 31, 2012 T. at 7. The trial court found any

testimony of appellant's prior bad acts would be prejudicial and ordered the prosecutor not to elicit testimony as to why appellant was banned from the property. *Id.* at 12.

{¶20} During the testimony of Skyline Terrace's assistant manager, Carmen Freeze, the prosecutor asked her about the letters sent to Mr. Cleveland regarding unauthorized visitors. *Id.* at 79-80. The prosecutor asked Ms. Freeze how she was able to obtain appellant's identity and she responded, "[w]e have a police log of any arrests that are made on the property." *Id.* at 80. An objection was made which the trial court sustained. *Id.*

{¶21} We find the question asked was not meant to elicit a banned response, but was inadvertent.

{¶22} During the jury instructions, the trial court specifically informed the jury of the following (T. at 123):

> Evidence does not include any statements that were stricken by the court or which you were instructed to disregard. Such statements are not evidence and must be treated as though you never heard them. You must not speculate as to why an objection was sustained to any question or what the answer to such question might have been because these are questions of law and rest solely on the court.

{¶23} We find the trial court's instruction was sufficient to clear up any possible prejudice.

{¶24} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for mistrial.

{¶25} Assignment of Error II is denied.

III

{¶26} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.

{¶27} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶28} Appellant argues he was on the property at the express request of Mr. Cleveland and intended to obtain a visitor's pass as soon as the office opened. Appellant argues this does not constitute knowingly being on the premises of another

without privilege to do so. R.C. 2911.21. It appears appellant is arguing he has some sort of qualified immunity to obtain a visitor's pass.

{¶29} State's Exhibits 1, 2, and 3 were warning letters to Mr. Cleveland about the necessity for visitor's passes. A letter dated May 10, 2012 specifically mentioned appellant as an unauthorized resident. July 31, 2012 T. at 70. Ms. Freeze testified appellant was not eligible for a visitor's pass. *Id.* at 78. Mr. Cleveland had been told that appellant was not eligible. *Id.* at 100.

{¶30} Canton Police Officer Mark Diels testified there are approximately fifteen "No Trespassing" signs posted around the entire complex. *Id.* at 90. On April 14, 2012, Officer Diels observed appellant on the property with no visitor's pass and escorted him off the property. *Id.* at 92. Officer Diels told appellant he was not allowed on the property. *Id.* On the day of appellant's arrest, Officer Diels observed appellant outside of Mr. Cleveland's apartment and as he approached in his police car, appellant went inside the apartment. *Id.* at 91-92. Officer Diels asked appellant to exit the apartment and cited him for trespassing. *Id.* at 92.

{¶31} Appellant argues a tenant has the right to invite whomever to his/her apartment. However, Mr. Cleveland's apartment is a HUD subsidized property governed by the Visitor Pass Policy. *Id.* at 69, 72.

{¶32} Appellant also argues he was on his way to obtain a pass after the office opened. We, as well as the jury did, find this argument to be disingenuous. Appellant was aware that he could not obtain a visitor's pass from his previous conversation with Officer Diels.

{¶33}  In a case similar to the case sub judice, *State v. Dubose,* 117 Ohio App.3d 219, 222 (7th Dist. 1997), we concur with our brethren when they concluded, "[t]he prosecution established beyond a reasonable doubt that the defendant-appellant, without any privilege to do so, knowingly entered and remained on the land of the Youngstown Metropolitan Housing Authority when he had previously been ordered not to do so."

{¶34}  Upon review, we find sufficient evidence to support the conviction for criminal trespass and no manifest miscarriage of justice.

{¶35}  Assignment of Error III is denied.

{¶36}  The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES

SGF/sg 319

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| ZAAVAN BLACKFORD | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00146 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____

JUDGES