[Cite as *State v. Myer*, 2017-Ohio-1046.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-00007 |
| JAMIE L. MYER | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Perry County
Court of Common Pleas, Case No.16-CR-0005


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      March 22, 2017


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

JOSEPH FLAUTT      MICHAEL DALSANTO
111 North High Street      33 West Main Street, Suite 106
Box 567      Newark, OH 43055
New Lexington, OH 43764

*Gwin, P.J.*

{¶1}    Plaintiff-appellant the State of Ohio appeals the August 19, 2016 Judgment Entry of the Perry County Court of Common Pleas granting defendant-appellee Jamie Myer's ["Myer"] motion to suppress.

*Facts and Procedural History*

{¶2}    On November 13, 2016, Sergeant David Briggs from the Perry County Sheriff's Department obtained information from a reliable confidential informant that Myer would be delivering heroin from Columbus to New Lexington.  The informant provided no date or time for the shipment to Sergeant Briggs.  On November 14, 2015, Sergeant Briggs was on patrol.  He went to Somerset to wait for the black Ford Myer's drives, which is registered to her father.  Sergeant Briggs is familiar with the vehicle.  When he saw Myer's vehicle, he followed the car.  She turned left onto State Route 668 from State Route 13.  Both of her tires went left over the centerline.  He activated his lights and Myer's vehicle came to a stop at approximately 1:35 a.m.  A Trooper from the Ohio State Highway Patrol came to the site where Sergeant Briggs pulled over Myer's car.  Officers Presdee and May from the Somerset Police department arrived on the scene.

{¶3}    Myer's passenger, J.P., consented to a search by Sergeant Briggs.  J.P. had a syringe in his shoe.  Sergeant Briggs placed him in handcuffs and detained him for possessing drug abuse instruments.  Sergeant Briggs asked Myer if there were narcotics in the car.  She denied she had anything with her.  Myer asked why he wanted to search the car.  Myer continued to deny she had drugs.

{¶4}    Sergeant Briggs had information from a confidential informant about Myer and her boyfriend allegedly trafficking in drugs.  He explained the definition of tampering

with evidence to Myer, and told her if she is hiding evidence from law enforcement, charges could be filed against her. Sergeant Briggs told Myer If she voluntarily gave him any drugs she had, he would not charge her with tampering with evidence. After this explanation, Myer told Sergeant Briggs she had heroin on her person. She gave it to him and consented to Sergeant Briggs looking in the bottle. Myer also admitted there was more heroin in the vehicle. Myer gave him consent to search her purse. Sergeant Briggs found five grams of heroin, three syringes and pills in a bottle. Sergeant Briggs advised Myer of her *Miranda* rights. She indicated she understood them and would be willing to speak to him. Law enforcement conducted a search of the vehicle and found no further contraband. Sergeant Briggs called J. M. the owner of the vehicle, and allowed him to pick it up at the scene. Sgt. Briggs released the vehicle to J.M.

{¶5} Sergeant Briggs then asked for consent to search through Myer's cellular phone. Myer again granted consent, admitting that there would be "plenty of evidence regarding drug trafficking." Lieutenant Presdee transported Myer and J.P. to the Perry County Sheriff's Office. Myer was read her *Miranda* rights again at the Perry County Sheriff's Office. Myer signed a waiver of those rights. Myer gave a statement and written consent to search her phone.

{¶6} Myer filed a motion to suppress on June 14, 2016. The trial court held an evidentiary hearing on July 7, 2016. By Judgment Entry filed August 19, 2016, the trial court granted Myer's motion to suppress.

{¶7} On August 23, 2016, the state filed a certifying statement as outlined in Crim.R. 12(K). Accordingly, this Court has jurisdiction to entertain the state's appeal from the trial court's decision to suppress evidence.

*Assignment of Error*

{¶8}   As relevant to this case, the state has raised one assignment of error[1],

{¶9}   "I. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE CONSENT TO SEARCH OF APPELLEE WAS NOT VOLUNTARILY GIVEN."

*Law and Analysis*

{¶10}   Appellate review of a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility.  See *State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).  Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings.  See *Burnside,* supra; *Dunlap,* supra; *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996).  However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard.  See *Burnside,* supra, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996).  That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra.

---

[1] Myer was subsequently indicted in Perry County Court of Common Pleas, Case No. 16-CR-0007 on February 19, 2016.  That case is the subject of the appeal in *State v. Myer*, 5th Dist. Perry No. 16-CA-0008.  The state's second assignment of error will be addressed in that appeal.

Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

**{¶11}** In the case at bar, the state did not argue Sergeant Briggs had probable cause to search Myer's car or that the officer had a reason to believe contraband or evidence of criminal wrongdoing was hidden on Myer's person or in her car. The state contends that the Myer's consent to the search was voluntary.

**{¶12}** No Fourth Amendment violation occurs when an individual voluntarily consents to a search. See *United States v. Drayton* 536 U.S. 194, 207, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002), (stating that "[p]olice officers act in full accord with the law when they ask citizens for consent"); *Schneckloth v. Bustamonte* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), ("[A] search conducted pursuant to a valid consent is constitutionally permissible"); *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640.

> [W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent.

*Schneckloth v. Bustamonte*, 412 U.S. 218, 248-249, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The burden of proving that the suspect voluntarily consented to the search rests upon the prosecution. *Schneckloth, supra*; *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797(1968); *State v. Hassey*, 9 Ohio App.3d 231, 459 N.E.2d 573(10th Dist. 1983); *State v. Pi Kappa Alpha Fraternity*, 23 Ohio St.3d 141, 491 N.E.2d 1129(1986). The state's burden is not satisfied by showing a mere submission to a claim of lawful authority. *State v. Robinette*, 80 Ohio St.3d 234, 243, 685 N.E.2d 762(1997).

{¶13} Important factors in determining the voluntariness of consent are: (1) The voluntariness of the defendant's custodial status; (2) The presence of coercive police procedures; (3) The extent and level of the defendant's cooperation with the police; (4) The defendant's awareness of his right to refuse to consent; (5) The defendant's education and intelligence; and (6) The defendant's belief that no incriminating evidence will be found. *State v. Hall*, 5th Dist. Tuscarawas Nos. 2000AP030025, 2000AP030026, 2000 WL 1862650 (Dec. 14, 2000), *citing State v. Webb,* 2nd Dist. Montgomery No. 17676, 2000 WL 84658 (Jan. 28, 2000).

{¶14} In the case at bar, the trial court found,

Sergeant Briggs told the Defendant if she was hiding evidence from law enforcement there could be additional charges. If she voluntarily gave him the stuff she was hiding, he would not seek charges of tampering with evidence. Sergeant Briggs essentially told the Defendant to consent to the search or be charged with tampering with evidence. In addition, it was 1:35 a.m. and there were four law enforcement officers on scene. Under the

totality of the circumstances, the consent was not voluntarily made, but was coerced.

**{¶15}** In *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972(1992), the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. Id. at 366, 582 N.E.2d at 981-982. The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence.

**{¶16}** An appellate court's role in reviewing a trial court's ruling on a motion to suppress is not to reevaluate the evidence or the credibility of the witnesses, but to determine whether the trial court's application of the law to the facts, as the trial court found them to be, is appropriate. *Mills*, 62 Ohio St.3d at 366, 582 N.E.2d 972; *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141(4th Dist. 1993).

**{¶17}** We hold that the evidence in this case adequately supports the trial court's finding that Myer's consent to search was not freely and voluntarily given.

**{¶18}** In *State v. Deemer,* 5th Dist. Tuscarawas No. 2015 AP 01 0006, 2015-Ohio-3199 this Court found consent to search a vehicle is not voluntarily given when it follows an officer "[implying the defendant] might be taken to jail" while the defendant "was surrounded by three officers, with a total of four officers present and the scene illuminated by the headlights and stop lights of four police cruisers [.]" Id. at ¶19.

**{¶19}** In the case at bar, four police officers were on scene. Sergeant Briggs gave an explanation of tampering with evidence that is different from the statutory definition to Myer. Sergeant Briggs simply told Myer "no person shall alter, remove, destroy or conceal

evidence." (T. at 42-43). The Ohio Supreme Court recently acknowledged that there are three elements to tampering with evidence: "(1) the knowledge of an official proceeding or investigation in progress or likely to be instituted; (2) the alteration, destruction, concealment, or removal of the potential evidence; and (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *State v. Straley*, 139 Ohio St.3d 339, 2014–Ohio–2139, ¶ 11. Sergeant Briggs told Myer if she was hiding evidence from law enforcement there could be charges. However, if she voluntarily gave him anything she was hiding, he would not seek charges for tampering with evidence. Until then, Myer questioned why he wanted to search her car and told him she did not have any drugs. It was after the discussion of charging her with tampering with evidence that Myer told him she was hiding heroin on her person and gave it to him. She gave him consent to look in the bottle. She also admitted there was more heroin in the vehicle. She also gave him consent to search her purse.

{¶20} The state's reliance upon *United States v. Jones,* 647 F.Supp.2d 1055(W.D. Wisc. 2009), is not persuasive. In reviewing that the District Court's decision, the United States Court of Appeals for the Seventh Circuit observed,

> *Jones is correct in asserting that baseless threats to obtain a search warrant may indeed render a consent to search involuntary. United States v. Hicks*, 539 F.3d 566, 571 (7th Cir. 2008); *United States v. White*, 979 F.2d 539, 542 (7th Cir. 1992). The appropriate focus, then, is on whether the police had a genuine intention to seek such a warrant, and more specifically, whether they had a reasonable factual basis to believe they had probable cause to obtain a warrant. *Hicks*, 539 F.3d at 572.

*United States v. Jones*, 614 F.3d 423, 426 (7th Cir. 2010)(emphasis added). As we have observed, the state did not claim that Sergeant Briggs had probable cause to search Myer's car or that the officer had a reason to believe contraband or evidence of criminal wrongdoing was hidden on Myer's person or in her car. Myer was stopped only for a traffic violation.

{¶21} The state's reliance upon *State v. Clelland*, 83 Ohio App.3d 474, 615 N.E.2d 276 (4th Dist. 1992) is likewise unpersuasive. In that case, the Court noted,

> Where the record clearly reveals no coercion and a police officer *does not falsely claim possession of a search warrant*, but rather candidly informs a person why a search is needed, either with his consent or with a search warrant, *and the person clearly understood that he had a constitutional right to withhold consent,* a finding of voluntariness is appropriate. *State v. Danby* (1983), 11 Ohio App.3d 38, 11 OBR 71, 463 N.E.2d 47; *see, also, State v. Simmons* (1989), 61 Ohio App.3d 514, 573 N.E.2d 165.

*Clelland* at 421 (emphasis added). In the case at bar, Sergeant Briggs' explanation to Myer's incorrectly intimated that she could be charged with Tampering with Evidence merely because it was concealed on her person and she did not affirmatively point it out to the police. This does not comport with the Ohio Supreme Court's decision in *State v. Straley, supra.* In addition in *Clelland*, the appellant had signed a "permission to search" form which included the following language,

I am giving this written permission to these officers freely and voluntarily, without any threats or promises having been made, *and after having been informed by said officer that I have a right to refuse* this search and/or seizure."

83 Ohio App.3d 474,481, 615 N.E.2d 276 (emphasis added).

**{¶22}** Based upon the totality of the circumstances, we find the trial court's determination Myer's consent was not freely and voluntarily given was not clearly erroneous.  *Deemer*, ¶24.

**{¶23}**  The state's first assignment of error is overruled.

**{¶24}**  The judgment of the Perry County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur